# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAMILO ORTEGA GARCIA, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV-25-632-SLP |
| ICE, | ) ) ) |
| Respondent. | ) ) |

## **O R D E R**

Before the Court is the Report and Recommendation (R&R) [Doc. No. 27] issued by United States Magistrate Judge Chris Stephens upon referral of this matter. *See* 28 U.S.C. § 636(b)(1)(B) and (C). Petitioner Camilo Ortega Garcia, appearing pro se, filed an Amended Petition [Doc. No. 14] seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his detention by U.S. Immigration and Customs Enforcement (ICE). Respondent ICE filed a Response in Opposition to Petition for Writ of Habeus Corpus [Doc. No. 24], to which Petitioner submitted two letters that the Court construes as a Reply [Doc. Nos. 25 and 26]. The Magistrate Judge recommends denying Petitioner's request. [Doc No. 27] at 2, 9. The Magistrate Judge further advised Petitioner of his right to object to the R&R and directed any objections be filed on or before October 21, 2025.[1] *Id.* at 9. Petitioner was also advised that any failure to object would waive Petitioner's right to appellate review of the factual and legal issues addressed in the R&R. *Id.*

---

[1] When an Objection is filed, the Court must make a de novo determination of any portions of the Report to which a proper objection is made, and may accept, reject or modify the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

On October 20, 2025, Petitioner filed a letter in response to the R&R [Doc. No. 28]. However, the Court does not construe Petitioner's filing as an "objection" because Petitioner does not specifically challenge any of the Magistrate Judge's findings or conclusions. [2] *See* [Doc. No. 28]; *see also United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (Any "objection[] to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court."); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Rather, Petitioner specifically accepts the Magistrate Judge's conclusions as correct. *Id*. at 1. Therefore, the Court finds that Petitioner waived further review of all issues addressed in the R&R. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010). The Court concurs with the Magistrate Judge's analysis in the R&R and adopts the same.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 27] is ADOPTED in its entirety. The Amended Petition [Doc. No. 14] is DENIED. A separate judgment shall be entered.[3]

---

[2] Instead, for the first time in the letter, Petitioner requests this Court to "expedite" his deportation. *See* [Doc. No. 28] at 1. Because Petitioner did not make this request in his prior filings, it is not properly before the Court. Moreover, such a request is outside the scope of relief available under § 2241.

[3] Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) when entering a final order adverse to a petitioner. However, "a federal prisoner . . . does not need a COA to appeal a final judgment in a § 2241 case." *Eldridge v. Berkebile*, 791 F.3d 1239, 1241 (10th Cir. 2015). Accordingly, the Court need not consider a COA in this case.

IT IS SO ORDERED this 30th day of October, 2025.

                                                                                SCOTT L. PALK  
                                                                                UNITED STATES DISTRICT JUDGE